**DISMISS and Opinion Filed December 23, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-01521-CV**

## IN RE REGINALD ARLEIGH NOBLE, Relator

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F00-50025-K**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Evans
Opinion by Justice Evans

Relator Reginald Arleigh Noble filed a petition for writ of quo warranto in this Court, *see* TEX. R. APP. P. 52.1, claiming Criminal District Court No. 4 lacked jurisdiction to convict him in 2000 for aggravated sexual assault of a child under 14 years of age and asking this Court to grant him a new trial. Noble was convicted of aggravated sexual assault of a child and sentenced to life in prison. His conviction was affirmed on direct appeal. *See Noble v. State*, No. 08-01-00035-CR, 2002 WL 221886 (Tex. App.—El Paso Feb. 4, 2002, pet. ref'd) (not designated for publication).

A writ of quo warranto is an extraordinary remedy used for raising certain actions against private corporations and railroad companies as well as raising questions concerning the proper person entitled to hold a public office and exercise its functions. TEX. CIV. PRAC. & REM. CODE ANN. § 66.001; *see State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 490 (Tex. 1996); *Save Our Springs All., Inc. v. Lazy Nine Mun. Util. Dist. ex rel. Bd. of Directors*, 198 S.W.3d 300, 310

(Tex. App.—Texarkana 2006, pet. denied). Quo warranto proceedings are brought in the name of the State by the Attorney General or the proper district or county attorney. *Robinson v. Neeley*, 192 S.W.3d 904, 909 (Tex. App.—Dallas 2006, no pet.). Noble's petition complains that the trial court lacked jurisdiction to convict him; he does not raise an issue for which a writ of quo warranto is available. Therefore, quo warranto is an improper vehicle for obtaining the relief he seeks.

Furthermore, the writ power of this Court is limited to issuing writs of mandamus and all other writs necessary to enforce our jurisdiction, which does not include a writ of quo warranto. *See* TEX. GOV'T CODE ANN. § 22.221(a). The Texas Supreme Court, not the courts of appeals, is vested with the power to issue writs of quo warranto. TEX. GOV'T CODE ANN. § 22.002(a); *see* TEX. CONST. art. V, § 3. We do not have original jurisdiction over proceedings seeking a writ of quo warranto.

Finally, even if we broadly construed Noble's filing, there is no substance presented in support of his often repeated conclusory statement that Criminal District Court No. 4 lacked jurisdiction to convict him for aggravated sexual assault of a child under 14 years of age and then sentence him to life in prison.

We dismiss Noble's petition for lack of jurisdiction.


/David Evans/
_____
DAVID EVANS
191521F.P05                                 JUSTICE

–2–